# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

CHRISTOPHER MCILRATH,

        Petitioner,

v.                                   Case No. 08-CV-79

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On January 23, 2007, this court sentenced Christopher McIlrath to 46 months' imprisonment and a five-year term of supervised release after he pled guilty to knowingly traveling across state lines for the purpose of engaging in sexually illicit conduct with a minor in violation of 18 U.S.C. § 2423(b). McIlrath appealed his sentence, which the Seventh Circuit affirmed on January 10, 2008. *United States v. McIlrath*, 2008 WL 90084 (7th Cir. 2008). Prior to the Seventh Circuit issuing an opinion on his case and while his appeal was still pending, McIlrath filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct, which this court dismissed without prejudice. *See United States v. McIlrath*, 07-CV-1152. Following the Seventh Circuit's disposition of his case, McIlrath again filed a § 2255 petition, which is currently before the court for review.

## ANALYSIS

Under the terms of § 2255, a petitioner in federal custody may challenge the validity of his confinement "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. However, relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir.1996).

The court notes at the outset that it has jurisdiction to entertain McIlrath's § 2255 petition. Because McIlrath's first § 2255 petition was not adjudicated on the merits and dismissed without prejudice on procedural grounds, he is not required to seek appellate approve to file his current petition. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (noting that "not all multiple collateral attacks are second or successive," and that "a prisoner's initial petition is returned as procedurally deficient, the replacement may proceed without advance appellate leave").

McIlrath raises four grounds in his § 2255 petition. The first three relate to his argument that Title 18 of the United States Code is unconstitutional and, therefore, this court lacked jurisdiction to sentence him under this statute. McIlrath's final ground alleges, although not explicitly, ineffective assistance of attorney, Steven Greenberg, who represented him at both the trial and appellate court level. McIlrath attaches three exhibits to his petition. The first is a June 28, 2000 letter from the House of Representatives' Clerk, Jeff Trandahl, to a Charles Degan in response to an inquiry "requesting information on Title 18." The second is an excerpt headed, "The Quorum Issue Regarding Title 18," which states that "an analysis of the vote used to pass the legislation in the House shows that no quorum existed at the time

the legislation [for Title 18] was passed," and summarizes that this makes Title 18 unconstitutional. Finally, McIlrath submitted a copy of the Seventh Circuit's decision in his case (with several pages missing).

**I.      Constitutionality of Title 18**

The court has reviewed McIlrath's submissions and does not believe they support his suggestions that Title 18 is unconstitutional or illegal in any way. The court will not belabor this issue but, suffice it to say, Title 18 was lawfully enacted on June 25, 1948, and became effective on September 1, 1948. *See* Title 18, Crimes and Criminal Procedure, Sections 1-20. Moreover, there is no question that Congress was acting within its plenary powers when it enacted 18 U.S.C. § 2423, and the statute is therefore constitutional. *See, e.g. United States v. Tykarsky*, 446 F.3d 468 (3rd Cir. 2006) (holding statutes that prohibit actual or attempted persuasion of a minor to engage in illicit sexual activity and traveling for the purpose of engaging in illicit sexual activity did not exceed Congress's powers under the Commerce Clause). Similarly, because § 2423 suffers no constitutional defects, this court has subject matter jurisdiction to convict and sentence him pursuant to his violations of that statute. Accordingly, the court finds that McIlrath is not entitled to relief at these grounds because his challenges to 18 U.S.C. § 2423, constitutional or otherwise, are without merit.

**II.     Ineffective Assistance of Counsel**

In his final ground, McIlrath argues that his attorney did "not represent his case in a thorough manner," and that McIlrath's "best interests were not represented

to the best of Mr. Greenberg's abilities."  The court will construe his arguments at ground four as Sixth Amendment challenges and assess his statements under the familiar *Strickland v. Washington*, 466 U.S. 668 (1984) standard.  Under *Strickland*, to establish that he was deprived of his right to effective counsel, McIlrath must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that he was prejudiced because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 695.  To establish ineffective assistance of counsel at a sentencing hearing, McIlarth must be able to show that his attorney "performed in a deficient manner at the hearing, and then prove 'that but for his counsel's unprofessional error, there is a reasonable probability that the results [of his sentencing hearing] would have been different.'"  *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005) (quoting *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003)).  As will be set forth below, McIlrath is unable to establish that he was prejudiced as a result of his attorney's representation.

Prior to McIlrath's sentencing, Attorney Greenberg submitted an extensive sentencing brief and argued that McIlrath should be sentenced to a lengthy term of supervised release rather than incarceration. (*See United States v. McIlrath*, 06-CR-182, Sentencing Brief at Docket #30) (hereinafter "Sent. Br."). Attorney Greenberg carefully considered the factors of 18 U.S.C. § 3553(a) and applied them to McIlrath's situation, specifically arguing that his nature and circumstances warranted a below-guideline sentence.  (Sent. Br. 4-5.)  Attorney Greenberg's brief also

attached Dr. Eric Ostov's clinical psychological evaluation of McIlrath. (*See Id.* Ex. A.) Dr. Ostov's report detailed that on the basis of his examination, he believed McIlrath scored a "2" on the "Static 99" test he conducted, meaning he had a moderate to low risk of recidivism; 9% over a five-year period, and 13% over a ten-year period. (*Id.*) Finally, Dr. Ostov concluded that "going to prison would be devastating for this individual," and, as an alternative, Dr. Ostov recommended "mandatory out-patient counseling with home confinement and monitoring as appropriate." (*Id.*) Attorney Greenberg used Dr. Ostov's recommendations and conclusions to support his § 3553(a) analysis and arguments that McIlrath should not be sentenced to any period of incarceration.

At McIlrath's sentencing hearing, the court carefully considered the sentencing brief and psychological reports submitted by Attorney Greenberg. Importantly, the court considered the 18 U.S.C. § 3553(a) characteristics, specifically noting the nature and circumstances of the offense and McIlrath's history and characteristics. (January 23, 2007 Sentencing Tr. 52.); *see* 18 U.S.C. § 3553(a). The court paid especially close attention to Dr. Ostov's report, statements of McIlrath and his family members, and the seriousness of McIlrath's crime. (Sent. Tr. 37-40.) In weighing each of these factors, the court ultimately determined that the circumstances did not warrant a sentence outside the advisory guidelines. (*See id.*) The court took careful note of the seriousness of the offense and the need to protect the public in fashioning McIlrath's sentencing, and commented that the targeting of minors as McIlrath did is an incredibly serious offense, and as such, "protection of the public

-5-
Case 2:08-cv-00079-JPS   Filed 02/08/08   Page 5 of 10   Document 2

is an incredibly important factor in a case such as this." (*Id.* at 41.) The court ultimately determined that these important considerations, when weighed against all of the mitigating factors presented by Attorney Greenberg, did not warrant a sentence below the guideline range of 46-57 months' imprisonment.

McIlrath's petition specifically argues that Attorney Greenberg was ineffective, at both the trial and appellate level, for failing to establish the validity of Dr. Ostov's methods, for failing to perform more extensive research in his case, for failing to secure a more qualified expert to conduct his psychological evaluation, and for failing to establish that the methods and results of the Static 99 test would be admissible under Rule 702 of the Federal Rules of Evidence.

In reviewing Greenberg's representation under the *Strickland* standard, the court finds nothing in the record to suggest that Attorney Greenberg's representation of McIlrath was anything short of thorough and competent. More importantly, McIlrath would be unable to establish the "prejudice" prong of *Strickland*. Conducting more extensive research, finding a more qualified expert (particularly in light of the impressive resume Dr. Ostov has), or further explaining the methods and analysis of the Static 99 test, would not have brought about a different result in McIlrath's sentence. As the Seventh Circuit recently held, a sentencing court must "consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. § 3553(a)." *United States v. Demaree*, 459 F.3d 791, 794-95 (2006) (citing *United States v. Miller,* 450 F.3d 270, 275 (7th Cir.2006)). A review of the sentencing

transcript clearly demonstrates that this court considered the § 3553(a) factors, namely, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct; and the need to protect the public from further crimes of the defendant. (*See* Sent. Tr. 37-42); *see* 81 U.S.C. § 3553(a)(1)-(2). As previously stated, the seriousness of the offense and need to protect the public weighed heavily into the court's analysis that consideration of the § 3553(a) factors warranted a sentence of 46 months. No expert nor further research would be able to overcome the seriousness of the offense or the need for the sentence imposed to protect the public from further crimes of the defendant, and it was these factors that drove the court to conclude that a guideline sentence comported with the requirements of § 3553(a).

Moreover, further explanation of the "Static 99" test would not have impacted the court's sentence. As the court noted at sentencing, "no one, not even Christopher McIlrath, can predict with any degree of certainty whether this sort of conduct is going to occur in the future. We as a human specie have no way of formulating any determinants as to predicting future conduct of this type." (Sent. Tr. 41.) Dr. Ostov predicted that McIlrath had a 9 to 13 percent risk of recidivism. The Seventh Circuit, in affirming McIlrath's sentence, noted that an average recidivism for sexually-related offenses is about 10-15 percent. Therefore, McIlrath's rate was not substantially different than the "average" sexual offender. *McIlrath*, 2008 WL

-7-
Case 2:08-cv-00079-JPS   Filed 02/08/08   Page 7 of 10   Document 2

90084 at 3. This is significant because as the Seventh Circuit stated, "[t]he guidelines sentencing ranges are designed with reference to the average offender in each crime category to which a range applies," and "if a particular defendant is average, his case for a sentence below the range is weak." *Id.* at 3 (citing *United States v. Goff*, 501 F.3d 250, 260-61 (3rd Cir. 2007)). Furthermore, it was also reasonable for the court to discredit the Static 99 test because it has only been considered moderately accurate, and any recidivism rates are likely too low as they only account for convictions; defendants that re-offend but are not caught are not reflected in these rates. *See id*; (citing Andrew Harris et al., "*STATIC-99 Coding Rules* (revised 2003), http://ww2.pssp.gc.ca/publications/corrections/pdf/ Static-99-coding-rules_e.pdf). Stated another way, although the court strongly considered Attorney Greenberg's and Dr. Ostov's submissions, McIlrath's score on the Static 99 test was insufficient to overcome the seriousness nature of the offense, particularly when the court considers that his recidivism rate was that of an average offender, in addition to the fact that the test falls very short of reliably predicting a particular defendant's likelihood of re-offending. Accordingly, McIlrath's attacks on Attorney Greenberg's performance in reference to the Static 99 test are without merit, because even if Attorney Greenberg cured his alleged defects, the court would have imposed the same sentence.

McIlrath also admonishes Attorney Greenberg for failure to establish the admissibility of Static 99 test. McIlrath's claim regarding admissibility of the Static 99 fails to meet either prong of the *Strickland* test. As the Seventh Circuit stated in

McIlrath's sentence, "[e]vidence does not have to be admissible at a trial in order to be considered in a sentencing hearing, which is not governed by the rules of evidence." *Id.* at 4. Accordingly, it was not necessary to establish that the Static 99 test would meet the admissibility requirements of Rule 702 of the Federal Rules of Evidence or *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). McIlrath knowingly waived any right to a trial when he signed his plea agreement, and evidentiary matters are, therefore, irrelevant for his case.

Lastly, McIlrath argues that Attorney Greenberg was ineffective on appeal. Attacks on appellate counsel's representation are analyzed under the same *Strickland* standard, however, an attorney need not raise every possible issue on appeal; counsel will only be deemed ineffective if he fails to present an issue that is both obvious and clearly stronger than the issues raised. *See Martin v. Evans*, 384 F.3d 848 (7th Cir. 2004). On appeal, Attorney Greenberg argued that the sentencing court failed to comply with the post-*Booker* requirements and that McIlrath's guideline sentence failed to comply with the § 3553(a) factors. Given the legal landscape regarding the reasonableness of sentences either inside or outside the guideline ranges, this was clearly an important and significant issue to take up to appellate review. None of the issues that McIlrath raises in his petition are obvious or stronger than the issues Attorney Greenberg argued on appeal. Therefore, McIlrath is unable to establish that his attorney's representation was ineffective at either the trial or appellate level.

Accordingly,

**IT IS ORDERED** that McIlrath's petition under 28 U.S.C. § 2255 [Docket #1] be and the same is hereby **DISMISSED.**

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge